IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO



LENTON J. LEVINE, SR., as PERSONAL
REPRESENTATIVE OF THE ESTATES OF MARIA
DE LOS ANGELES NUNEZ, deceased and VANESSA
NUNEZ, deceased, and as GUARDIAN AND NEXT
FRIEND of LACYE LEVINE, LENTON LEVINE III,
and ELLA LANG, minor children,

    Plaintiffs,

vs.                                                No. CIV-06-1153 MCA/WDS

RICARDO ANCHONDO, an individual, T. K.
STANLEY, INC., a Mississippi corporation, and
LIBERTY MUTUAL INSURANCE COMPANY,
a Massachusetts corporation,

    Defendants.

### ANSWER OF DEFENDANTS T. K. STANLEY, INC. AND LIBERTY MUTUAL INSURANCE COMPANY

The Defendants T. K. Stanley, Inc. and Liberty Mutual Insurance Company, by and through their attorneys, Hatch, Allen & Shepherd, P.A., answer plaintiffs' complaint as follows:

#### FIRST DEFENSE

1.    Defendants are without sufficient information to admit or deny the allegations of paragraphs 1, 2, and 3 and therefore deny the same.

2.    Paragraph 4 is admitted.

3.    Paragraph 5 is denied.

4.    Paragraph 6 is admitted.

5.    Answering paragraph 7, Defendants admit that Liberty Mutual Insurance Company is an out-of-state corporation with its principal place of business in Massachusetts.

Defendants further admit that Liberty Mutual Insurance Company was an insurer for the vehicle driven by Anchondo at the time of the accident. The remaining allegations of paragraph 7 are denied.

6. Paragraphs 8 and 9 are admitted.

7. Answering paragraph 10, defendants incorporate the answers set forth above.

8. Answering paragraph 11, defendants admit that on April 27, 2004, Maria de los Angeles Nunez was with her two daughters, Vanessa Nunez and Lacye Levine, traveling eastbound on U.S. Highway 62-180. The remaining allegations of paragraph 11 are denied.

9. Answering paragraph 12, defendants admit that Anchondo was employed by T. K. Stanley, Inc. The remaining allegations of paragraph 12 are denied.

10. Answering paragraph 13, defendants admit that Anchondo drove a white Chevrolet pickup owned by T. K. Stanley and collided with the car. The remaining allegations of paragraph 13 are denied.

11. Answering paragraph 14, defendants admit that as a result of the collision, Maria and Vanessa died at the scene. The remaining allegations of paragraph 14 are denied.

12. Answering paragraph 15, defendants admit that Lacye was ten years old at the time. The remaining allegations of the paragraph 15 are denied.

13. Paragraph 16 is denied.

14. Answering paragraph 17, defendants admit that Anchondo entered a plea of *nolo contendere* to vehicular homicide charges. The remaining allegations of paragraph 17 are denied.

15. Answering paragraph 18, defendants incorporates the answers set forth above.

16. Paragraphs 19, 20, 21, 22, and 23 are denied.

17. Answering paragraph 24, defendants incorporate the answers set forth above.

18. Paragraphs 25 and 26 are denied.

19. Answering paragraph 27, defendants admit that at the time of the incident, Anchondo was operating the T. K. Stanley vehicle. The remaining allegations of paragraph 27 are denied.

20. Answering paragraph 28, defendants incorporate the answers set forth above.

21. Paragraphs 29, 30, 31, and 32 are denied.

22. Answering paragraph 33, defendants incorporate the answers set forth above.

23. Paragraphs 34 and 35 are denied.

24. Answering paragraph 36, defendants incorporate the answers set forth above.

25. Paragraph 37 is denied.

26. Answering paragraph 38, defendants incorporate the answers set forth above.

27. Paragraph 39 is denied.

28. Answering paragraph 40, defendants admit that Lacye was present at the scene of the accident. The remaining allegations of paragraph 40 are denied.

29. Paragraph 41 is denied.

30. Answering paragraph 42, defendants incorporate the answers set forth above.

31. Paragraphs 43, 44, and 45 are denied.

## SECOND DEFENSE

Count VI fails to state a claim upon which relief can be granted against these defendants.

## THIRD DEFENSE

Plaintiffs' claim for punitive damages against these defendants fails to state a claim upon which relief can be granted.

## FOURTH DEFENSE

If defendants were negligent or at fault, which is specifically denied, then plaintiffs' damages were proximately caused by the negligence of others, which reduces plaintiffs' recovery herein on a comparative basis.

WHEREFORE, defendants pray that plaintiffs' complaint be dismissed, for their costs, and for such other and further relief as the Court deems just and proper.

HATCH, ALLEN & SHEPHERD, P.A.

By _____
Ben M. Allen
Post Office Box 94750
Albuquerque, New Mexico 87199
Telephone: (505) 341-0110
Facsimile: (505) 341-3434

Attorneys for Defendants T. K. Stanley, Inc.
and Liberty Mutual Insurance Company

THIS WILL CERTIFY that on December 19, 2006, a true and correct copy of the foregoing pleading was mailed to counsel of record as follows:

Mr. Elroy Simnacher
Attorney at Law
SIMNACHER LAW OFFICE
3233 63rd Street, Suite B
Lubbock, Texas 79413

Mr. Kurt Wihl
Mr. Thomas C. Bird
Attorney at Law
KELEHER & MCLEOD, P.A.
Post Office Box AA
Albuquerque, New Mexico 87103

Mr. Seth Sparks
Attorney at Law
RODEY DICKASON SLOAN AKIN
 & ROBB, P.A.
Post Office Box 1888
Albuquerque, New Mexico 87103

HATCH, ALLEN & SHEPHERD, P.A.

By _____
Ben M. Allen